IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-088-GMS |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. BACKGROUND

The plaintiff, Donald Cole ("Cole"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a) . (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 11.) The matter proceeds on the amended complaint. (D.I. 18.)

Cole has been a practicing Muslim since 2001. He alleges that the Islamic community at the VCC is treated differently than the Jewish community; Muslims are not provided with meals that satisfy the requirements of religious diets; and he is not allowed to practice his religion in violation of RLUIPA and the equal protection clause of the First and Fourteen Amendments to the United States Constitution.

### II. REQUEST FOR COUNSEL

Cole seeks counsel on the grounds that he is unable to afford counsel, his imprisonment hampers his ability to litigate, he has moved for class certification on behalf of all Muslims incarcerated in the Delaware Department of Correction ("DOC"), as an inmate he is not allowed

to possess certain DOC materials, a trial will involve conflicting testimony, and he has made repeated efforts to obtain counsel, to no avail. (D.I. 36.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)

The court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time. Cole appears to have the ability to present his claims. Notably, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the court will deny without prejudice to renew Cole's request for counsel. (D.I. 36.)

## III. CLASS CERTIFICATION

Cole seeks class certification on the grounds that: (1) the nature of complaints dealing with Muslim inmates indicates that there are numerous Muslin inmates within the DOC; (2) it is

not required that the representative plaintiff has endured precisely the same injuries as those sustained by the class members; (3) there are questions of law and fact common to the class; (4) Cole will fairly and adequately protect the class with appointment of counsel; (5) the defendants have acted, and refused to act, on grounds generally applicable to the class thereby making appropriate injunctive and declaratory relief with respect to the class as a whole. (D.I. 37.)

Rule 23(a) of the Federal Rules of Civil Procedure provides that members of a class may only sue on behalf of a class if: (1) the class is so numerous that joinder is impractical; (2) there are common questions of law or fact; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). A class may only be certified if all four elements of Rule 23(a) are met. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008).

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 168. 182 (2001); Fed. R. Civ. P. 23(a)(1). "No single magic number exists satisfying the numerosity requirement," but the United States Court of Appeals for the Third Circuit generally has approved classes of forty or more. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001); *Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D. Pa. 1989). The amended complaint refers in general to the Muslim inmate population, but makes no reference to the number of putative class members. Instead, it focuses only on Cole. A class of one fails to satisfy the numerosity requirement.

With regard to typicality and commonality, Rule 23 does not require that the representative plaintiff has endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or "threat of injury . . . [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). The amended complaint raises no claims other than those on behalf of Cole. The only instance wherein the Muslim inmate population is mentioned is the paragraph that states, generally, "Plaintiff and Muslim inmate population to no avail has [sic] filed numerous complaints addressing issues raised in this complaint." (D.I.¶ 12.) Therefore, the court finds that Cole has not met the typicality and commonality requirement.

As to the fourth prong, the court notes that Cole is an incarcerated individual and appears *pro se*. "[P]*ro se* litigants are generally not appropriate as class representatives." *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Also, Cole requested counsel, and the court has denied his request. Cole was one of many plaintiffs who initiated this case, but he is the only who has not been dismissed. It is clear from his filings that he has the ability to proceed with this case. He may not, however, represent the other plaintiffs or proceed as the class representative.

The court has denied Cole's request for counsel and, therefore, finds denial of class certification is appropriate. *See Hagan*, 570 F.3d at 159 (noting that it was inappropriate for the district court to deny class certification on the basis of inadequate representation without first deciding the plaintiff's motion to appoint counsel as the district court had deferred any

4

consideration of the plaintiff's motion to appoint counsel). Accordingly, for the above reasons, the court will deny Cole's motion for determination that action is a class action, construed by the court as a motion for class certification pursuant to Fed. R. Civ. P. 23(c)(1). (D.I. 37.)

## IV. MOTION TO AMEND

Cole moves to amend. (D.I. 38.) Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The motion will be granted. (D.I. 38.) Cole shall file a second amended complaint as set forth in his motion within thirty (30) days from the date of this order.

## V. MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION

### A. Background

Cole seeks injunctive relief to preclude defendants from implementing policies regarding the ownership and wearing of kufis that are not white.[1] (D.I. 40.) A kufi is a traditional skull cap and is associated with members of the Islamic faith. The defendant Warden Phelps ("Phelps") opposes the motion (D.I. 41), and the defendants Carl Danberg, Michael Knight, David Pierce,

---

[1] In Cole's reply he changes his theory somewhat, stating that his use of language was poor and that he intended to point out that: (1) wearing white kufis has never been an issue; (2) he does not want to dispose of his colored kufi; and (3) the kufis for sale in the commissary are all the same size and much too small for the vast majority of Muslim inmates. (*See* D.I. 43.)

5

Michael Costello, Frank Pennell, and Ron Hosterman move to join his opposition (D.I. 44.) The court will grant the motion to join.

### B. Standard of Review

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg,* 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995)).

### C. Discussion

The Islamic community at the VCC are allowed to possess kufis. The kufis were initially received from visitors or through the mail. In the 1990's the policy changed and kufis could only be purchased through the commissary. According to Cole, the kufis purchased from the commissary were of poor quality and tore when cleaned. In 2001, the Islamic community received a gift of kufis. The kufis were sent through the mail to the defendant Chaplain Frank Pennell ("Chaplain Pennell") who delivered them to the Imam, who then issued one to each member. According to Cole, the superb quality of the donated kufis negated the need to purchase the inferior quality kufis offered at the prison commissary. When an inmate was released, he left his kufi behind to be given to a new member of the Islamic community. Cole states that there

have been no incidents at the VCC causing a security concern with regard to a certain kufi style or color.

On May 3, 2011, Chaplain Pennell sent a memo to the Islamic community in response to a request to conduct a congregation prayer and stated that, "security, operational needs, and facility management and movement of our institution take priority." (D.I. 40, ex.) Chaplain Pennell explained that the authorization of congregational prayer during Ramadan is a privilege, and with the "new fiscal restraints of not using over time, etc. we could see this go away." (*Id.*) Chaplain Pennell goes on to state that he "would hope and pray that you and your community would start to be grateful for all the allotted times you have, as others, and stop pressing the limits." Finally, he lists all the privileges given to those in the Islamic community and concludes that, "all these could vanish for each of us as we continue to press our limits." (*Id.*) According to Cole, three days after the memo was sent, Chaplain Pennell and the defendant Ron Hosterman ("Hosterman") informed the Imam that the Islamic community had until January 1, 2012 to dispose of all non-white kufis and that thereafter kufis must be purchased from the commissary. Cole contends the disposal/purchase kufi policy was enacted in retaliation for his filing the instant lawsuit. He seeks an order restraining the defendants from implementing the policy.

In an April/May 2008 institution publication, inmates were reminded that colored towels and clothing were not allowed, were no longer sold in the commissary, and had to be sent out. (D.I. 41, ex. 1.) The issue of all-white inmate attire was addressed in a July/August 2011 institution publication. The article stated that a ruling was made to extend the deadline but, by the end of the year 2011, all noncompliant headgear must be sent out and all headgear must be white. (*Id.* at ex. 2) The November/December 2011 publication contains an announcement that

the transition period to all white items, including kufis, is over. It reiterates that all noncompliant kufis must be sent out and in the future must be white. (*Id.* at ex. 3.)

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I. Prisoners do not forfeit this right by reason of their conviction and confinement in prison, but the right is limited. *See DeHart v. Horn*, 227 F.3d 47, 50-51 (3d Cir. 2000). To establish a violation of the Free Exercise Clause, Cole must show that he was prevented from engaging in his religion without any justification reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine whether a restriction is reasonably related to legitimate penological interests, the court weighs four factors: (1) there must be a "valid, rational connection" between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether inmates retain an alternative means of exercising the circumscribed right; (3) the costs that accommodating the right would impose on other inmates, guards, and prison resources generally; and (4) whether there are alternatives to the regulation that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. *See DeHart*, 227 F.3d at 51.

The evidence of record does not demonstrate a violation of Cole's free exercise rights with regard to the disposal policy of colored kufis and requirement that the Islamic community wear white kufis. Notably, Cole is not totally precluded from possessing a kufi and, therefore, not impeded in practicing his religion. Given the record before the court, Cole has not demonstrated the likelihood of success on the merits. In addition, there is no indication that, at

the present time, Cole is in danger of suffering irreparable harm. Accordingly, based upon the foregoing analysis, Cole's motion for a temporary restraining order will be denied. (D.I. 40.)

## VI. CONCLUSION

For the above reasons, the court will deny without prejudice to renew Cole's request for counsel; will deny Cole's motion to certify class; will grant Cole's motion to amend; will deny Cole's motion for a temporary restraining order; and will grant the defendants' motion for joinder. (D.I. 36, 37, 38, 40, 44.)

An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

__Jan 24__, 2012
Wilmington, Delaware