IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-088-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, et. al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of Jan, 2014, having considered the pending motions (D.I. 55, 56, 57, 58, 59, 60, 62, 69);

## I. BACKGROUND

The plaintiff Donald Cole ("Cole"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a). (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 11.) The case proceeds on the second amended complaint filed March 14, 2012. (D.I. 47.)

A scheduling order was entered on January 4, 2013. (D.I. 49.) The order provides: (1) for joinder of other parties and amendment of pleadings on or before March 4, 2013; (2) that discovery will be initiated so that it is completed on or before July 5, 2013; and (3) for the filing of motions for summary judgment on or before September 5, 2013 and an answering brief on or before September 19, 2013.

## II. MOTIONS TO INTERVENE AND FOR JOINDER

On June 7, 2013, Jerome Sullins a/k/a Abdul Wakil ("Sullins"), an inmate at the VCC, filed a motion for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B). (D.I. 55.) Sullins was originally named as a plaintiff, but he was dismissed on April 20, 2010, after he failed to comply with the February 24, 2010 order (D.I. 4) that required him to submit a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement. (*See* D.I. 11.) Also on June 7, 2013, a similar motion was filed by Abdul-Haqq Shabazz ("Shabazz"), an inmate at the VCC. (D.I. 56.) On the same day, Sullins and Shabazz filed a joint motion for permissive joinder of parties pursuant to Fed. R. Civ. P. 20.[1] (D.I. 57.) On June 7, 2013, Cole, the sole plaintiff in this case, filed a motion for joinder of claims to consolidate two cases filed in this court with the instant action: *Tessein v. Danberg*, Civ. No. 08-809-GMS (D. Del.) and *Desmond v. Phelps*, Civ. No. 12-1120-SLR (D. Del.). *Tessein v. Danberg* was dismissed on January 31, 2012 for failure to comply with the court's October 5, 2010 order. *See* Civ. No. 08-809-GMS at D.I. 60. *Desmond v. Phelps* is an open case. Finally, on June 13, 2013, Charles N. Schoolfield a/k/a Abdul-Malik Abdul-Hakim Al-Faruq ("Schoolfield") and Anthony Coffield a/k/a Abdul Mu'min ("Coffield"), both inmates at the VCC, filed a motion for permissive joinder of parties pursuant to Fed. R. Civ. P. 20.

The defendants responded to the motions by filing a motion to strike the motions found at D.I. 55, 56, 57, and 59 on the grounds that: (1) the motions were untimely having been filed

---

[1] As set forth in *Hagan v. Rogers*, 570 F.3d 146, 150 (3d Cir. 2009), where the entire filing fee has not been prepaid, the full filing fee must be assessed against each *in forma pauperis* prisoner co-plaintiff permitted to join under Fed. R. Civ. P. 20, as though each such prisoner were proceeding individually.

2

some three months after expiration of the deadline to file motions to join other parties and amend pleadings; (2) all the motions, save one, were filed by non-parties; (3) the motions fail to comply with the notice and pleading requirements of Fed. R. Civ. P. 24; (4) Schoolfield's motion is void of any facts to connect it with the instant litigation; (5) Cole and the other individuals who seek to intervene or join have offered no compelling reason why permissive intervention or joinder of the parties is necessary at this juncture of the litigation; and (6) admitting new parties to assert new claims at this stage of the litigation will cause undue delay in the disposition of the case. (D.I. 60.)

Schoolfield responds to, and opposes the defendants' motion, on behalf of Cole.[2] (D.I. 61.) He argues that: (1) Cole is a layman with limited knowledge of legal endeavors; (2) all the facts of the original complaint are applicable and affect each individual who seeks to intervene or join in the litigation; (3) Sullins was an original plaintiff to this proceeding; (4) the joined parties will be able to pool their resources to effectively litigate the matter; (5) joinder will save the State money and time; (6) and joinder will not create undue delay or prejudice in the adjudication in this matter.

The court finds that good cause has not been shown for the belated filings. A review of the court file reveals that, despite his status as a non-attorney, Cole has adequately prosecuted his case. In addition, the motions to join and/or intervene were filed some three months after the

---

[2]As a non-attorney, Schoolfield may not act as an attorney for other individuals and may only represent himself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) (citing *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

deadline to do so in this case and a mere one month before the discovery deadline. The dispositive motion deadline has lapsed. To allow joinder at this late date will cause unduly delay in the disposition of this case. In addition, while Sullins was an original plaintiff in this matter, he failed to abide by court orders and, when dismissed, did not seek reconsideration of this matter. Finally, with regard to the consolidation of cases, *Tessein v. Danberg*, Civ. No. 08-809-GMS, is closed, and *Desmond v. Phelps*, Civ. No. 12-1120-SLR, is in a far different posture than the instant case, the defendants just recently having answered the complaint and discovery having not yet initiated. For these reasons, the court will deny the motions to intervene and motions for joinder (D.I. 55, 56, 57, 58, 59) and will deny as moot the motion to strike (D.I. 60).

## III. DISCOVERY

The court set a discovery deadline of July 5, 2013. Cole filed a motion for enlargement of time on July 23, 2013 to respond to the defendants' discovery requests that were served upon Cole on February 25, 2013. (*See* D.I. 52, 62, 64.) The defendants responded to the motion on July 25, 2013, and indicated that they would stipulate, and not object, to providing Cole an additional fifteen days (until August 9, 2013) to comply with the discovery requests. (*See* D.I. 64.)

The court will grant the motion to the extent that Cole will be given additional time to respond to the defendants' discovery requests, if he has not already done so.

## IV. MOTION FOR SUMMARY JUDGMENT

The defendants timely filed their motion for summary judgment on September 5, 2013. (D.I. 67.) On September 18, 2013, Schoolfield filed a motion for an extension of time to respond

to the motion. (D.I. 69.) The court will not consider, and will strike, the motion inasmuch as Schoolfield is not a party to this action and he cannot not represent Cole.

To date, Cole has not responded to the motion for summary judgment. He will be given leave to do so.

## V. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The motions to intervene are **denied**. (D.I. 55, 56.)

2. The motions for joinder are **denied**. (D.I. 57, 58, 59.)

3. The motion to strike is **denied** as moot. (D.I. 60.)

4. The plaintiff's motion for an extension of time to complete discovery is granted to the extent that, if he has not already done so, the plaintiff shall respond to the defendants' discovery requests on or before *February 7*, 2014. (D.I. 62.)

5. The motion for an extension of time to respond to the defendants' motion for summary judgment is **stricken**. (D.I. 69.)

IT IS FURTHER ORDERED that the plaintiff has until on or before *February 24*, 2014 to file a response to the defendants' motion for summary judgment. (*See* D.I. 67.) The defendants may file a reply, if any, within **fourteen (14) days** from the filing of the plaintiff's response. If the plaintiff does not file a response to the defendants' motion for summary judgment, the court will rule on the papers submitted to the court. There will be no extensions.

_____
CHIEF, UNITED STATES DISTRICT JUDGE