IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD COLE, | |
| Plaintiff, | |
| v. | Civil Action No. 10-88-CFC |
| CARL DANBERG, et al., | |
| Defendants. | |

## **MEMORANDUM ORDER**

Pending before me are Plaintiff's objections (D.I. 187) to the Magistrate Judge's Report and Recommendation (D.I. 185). The Magistrate Judge recommended in her report that I deny Plaintiff's Motion to Set Aside the Settlement Agreement (D.I. 177). I have reviewed the Report and Recommendation, the objections, the responses to the objections, and the briefing the parties submitted in connection with the motion.

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendation de novo. *Id.* § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

I agree with the Magistrate Judge's analysis and conclusion and will therefore adopt the Report and Recommendation and overrule the objections. Plaintiff's objections are without merit.

First, as best I can tell, Plaintiff argues that the Magistrate Judge erred in relying on Defendants' Opposition to the Motion to Set Aside the Settlement Agreement (D.I. 184) because it was untimely. D.I. 187 ¶ 1. Plaintiff implores me not to "reward Defendants for being untimely," D.I. 187 ¶ 1; and I am sympathetic to his plea. I share Plaintiff's frustration with Defendants' failure to abide by Court-imposed deadlines. On June 11, 2024, I ordered Defendants to "file their positions regarding Plaintiff's motion to set aside settlement agreement within thirty days of the date of this Order." D.I. 180 at 1. Defendants ignored that Order, thus requiring the Magistrate Judge to issue an order on July 26, 2024 that directed Defendants to file a response within three days. D.I. 183. Notably, in the subsequent response, defense counsel—the Delaware Department of Justice—never apologized for or offered an explanation to justify Defendants' failure to comply with the June 11 Order. To make matters worse, Defendants did not file a timely opposition to Plaintiff's objections to the Magistrate Judge's Report and Recommendation, prompting me to issue an order directing them to file a response. *See* D.I. 190.

I am tempted to rule against Defendants as a sanction for their failure both to comply with the June 11 Order and to explain their noncompliance, but I understand why the Magistrate Judge decided to consider Defendants' untimely response in addressing the merits of Plaintiff's motion. It certainly was not erroneous for her to do that. And rather than sanction Defendants in the form of an adverse ruling on the motion, I will instead require the Delaware Department of Justice to show no later than March 18, 2025 good cause for why it failed to comply with the June 11 Order.

Second, Plaintiff complains that he "never received a copy of" and thus had no opportunity to "refute" his former counsel's letter (D.I. 181) that the Magistrate Judge relied on in concluding that Plaintiff failed to show his former counsel "lacked the authority to enter into the Settlement Agreement." D.I. 187 ¶ 1; D.I. 185 ¶ 14. But even though Plaintiff had no opportunity to respond to the letter before the Magistrate Judge issued her decision, he has since been afforded the opportunity via the objections process to refute his former counsel's description of the events leading up to the settlement agreement, as detailed in the Report and Recommendation. Thus, any potential prejudice Plaintiff suffered has been cured.

Third, Plaintiff objects to the Magistrate Judge's finding that the first time he objected to the formation of the settlement agreement was on August 18, 2022. D.I. 187 ¶ 1. Plaintiff insists that he "objected to the Settlement Agreement" six

3

months earlier in his February 18, 2022 Motion for Cost and Attorney's Fees (D.I. 147). D.I. 187 ¶ 1. In that motion, Plaintiff accused Defendants of acting in "bad faith" by failing to make an item available in the commissary within the timeframe dictated by the settlement agreement. D.I. 147 at 2. That filing makes clear that Plaintiff was dissatisfied with Defendants' failure to comply with the terms "the Parties agreed on" in the settlement. D.I. 147 at 2. But it does not suggest in any way that Plaintiff was objecting to the formation of the settlement agreement. Thus, Plaintiff has failed to show that the Magistrate Judge erred in finding that the first time Plaintiff objected to the formation of the settlement agreement was on August 18, 2022.

Fourth, I understand Plaintiff to be suggesting that I should set aside the settlement agreement because it is "discriminatory." D.I. 187 ¶ 2. In Plaintiff's words, the settlement is "discriminatory" because it "only authorizes [Muslims] to observe one" religious holiday, while "[t]he other religions get to celebrate all of their holidays." D.I. 187 ¶ 2. Plaintiff's objection to the terms of a settlement he appears to have authorized his counsel to accept, or at the very least, he subsequently ratified, is irrelevant to the issue before me. It brings Plaintiff no closer to overcoming the presumption that his counsel possessed lawful authority to enter the settlement on his behalf. *See Williams v. Chancellor Care Ctr. of Delmar*, 2009 WL 1101620, at *3 (Del. Super. Ct. Apr. 22, 2009) ("Where an

4

attorney of record accepts a settlement offer on behalf of his client, . . . a binding contract is created. The attorney is presumed to have the lawful authority to make such an agreement. . . . It is the client's burden to rebut a presumption of lawful authority.") (footnotes omitted).

Fifth, Plaintiff asserts that his former counsel lacked authority to accept the settlement because Plaintiff instructed his former counsel "not to sign the agreement if Defendants don't agree to allow both Eid first." D.I. 187 ¶ 2. Plaintiff further insists that although he bears the burden of rebutting the presumption of lawful authority, he was "never asked to produce any evidence that former counsel signed the Settlement Agreement without consent." D.I. 187 ¶ 2. Plaintiff's *pro se* status does not excuse his obligation to produce evidence to overcome the presumption that his counsel possessed lawful authority. And his threadbare accusation that his attorney lacked lawful authority, as evidenced by the settlement's lack of observation of both Eids, brings him no closer to overcoming that presumption. Even if his counsel had lacked the authority to sign the settlement agreement, Plaintiff subsequently ratified the settlement by assenting to its terms and seeking to enforce them. See *Williams*, 2009 WL 1101620, at *3 ("While an attorney lacks the inherent authority to accept a settlement offer, an attorney acquires lawful authority when the client either gives special authority or subsequently ratifies the agreement."); see, e.g., D.I. 174 at 2 ("Your honor, I

shouldn't have had to file a motion to enforce the settlement since the Defendants and their counsel—supposedly in good faith—*agreed to do what we agreed upon and to this point have not fulfilled any part of it*.") (emphasis added).

Sixth, Plaintiff suggests that the Magistrate Judge erred because "[c]ounsel for Mr. Cole provided no documentation that Mr. Cole expressly agreed to, approved, and authorized the signing of the Settlement Agreement." D.I. 187 ¶ 2. Plaintiff misapprehends the governing law. Plaintiff's former counsel has no obligation to produce such evidence. He is presumed to possess lawful authority to enter the settlement agreement on his client's behalf. *See Williams*, 2009 WL 1101620, at *3 ("The attorney is presumed to have the lawful authority to make such an agreement."). It is Plaintiff who must produce evidence overcoming that presumption. *Id.* ("It is the client's burden to rebut a presumption of lawful authority.").

Seventh and finally, Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff's "actions ratified the Settlement Agreement," even if his former counsel lacked authority to accept the settlement agreement initially. D.I. 187 ¶ 3. The record, however, amply demonstrates that Plaintiff ratified the settlement agreement by assenting to its terms and seeking to enforce them. *See, e.g.*, D.I. 174 at 2 ("Your honor, I shouldn't have had to file a motion to enforce the settlement since the Defendants and their counsel—supposedly in good faith—

*agreed to do what we agreed upon and to this point have not fulfilled any part of it.*") (emphasis added); D.I. 174 at 2 ("As I have done all I could do to abide by the terms of the settlement and to *respectfully ask that the Warden and Mr. Senato comply with the settlement's terms. . . .*") (emphasis added).

NOW THEREFORE, on this Twentieth day of February in 2025, it is **HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 187) are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation (D.I. 185) is **ADOPTED**;

3. Plaintiff's Motion to Set Aside the Settlement Agreement (D.I. 177) is **DENIED**; and

4. The Delaware Department of Justice **SHALL SHOW GOOD CAUSE** no later than March 18, 2025 for why Defendants failed to comply with the Court's June 11, 2024 Order (D.I. 180).

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　CHIEF JUDGE