IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD COLE, | |
| Plaintiff, | |
| v. | C.A. No. 10-88-CFC-LDH |
| CARL DANBERG, et al., | |
| Defendants. | FILED<br>JUN 27 2025<br>U.S. DISTRICT COURT DISTRICT OF DELAWARE |

## REPORT AND RECOMMENDATION

Pending before the Court are five motions filed by Plaintiff Mr. Donald Cole: a Motion to Reopen Case (D.I. 186), a Motion for Reimbursement of Attorney Costs and Fees (D.I. 188), a Motion to Reopen Case (D.I. 194), a Motion to Amend Motion to Reopen Case (D.I. 197), and a Motion to Reinstate Civil Proceedings (D.I. 199). For the following reasons, I recommend that D.I. 199 be GRANTED-IN-PART and all other motions be DENIED.

1.  Mr. Cole, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in 2010 seeking redress for alleged religious discrimination. (D.I. 1, 4, 47). The Court appointed counsel to represent Mr. Cole in 2015 (D.I. 88, 89) and later referred the case to mediation. (D.I. 126).

2.  After three mediation sessions facilitated by then-Magistrate Judge Hall, the parties in September 2021 entered into a Settlement Agreement and Release (D.I. 154-1, Ex. 1, the "Settlement Agreement") resolving all claims between Mr. Cole, the Delaware Department of Correction ("DDOC"), and Defendants Carl Danberg, Perry Phelps, Frank Pennell, and Ron Hosterman (together with DDOC, "Defendants"). Among its provisions, the Settlement

Agreement requires Defendants to "[a]llow the Eid prayer to be conducted in lieu of Jumu'ah when Eid falls on Jumu'ah, subject to approval of the Imam and any applicable time constraints." (*Id.* § 1). The agreement also requires Defendants to "[p]rovide one Halal meal option once a year for Eid, with such meal option to include a Halal meat." (*Id.*).

3. On August 11, 2022, the Court entered a Final Order that, among other provisions, terminated counsel's representation of Mr. Cole, retained ancillary jurisdiction over the enforcement of the Settlement Agreement (which was incorporated by reference into the Final Order), and dismissed the case with prejudice. (D.I. 164).

4. On August 18, 2022, Mr. Cole filed a letter advising the Court that he did not agree to or approve the Settlement Agreement. (D.I. 165, "I did not sign the agreement and I do not authorize Mr. Kittila to sign that agreement on my behalf. Any agreement that purports to represent my acceptance has to be signed by me and not by the attorney who is supposed to be representing me."). In his letter, Mr. Cole also outlined additional items that he would seek to have included in any newly-negotiated agreement. (*Id.*).

5. On August 25, 2022, Mr. Cole filed a letter alleging that Defendants had acted in "violation of the settlement decree" by disciplining certain Muslim inmates for praying in the yard. (D.I. 166). Mr. Cole further requested that the Court treat his letter as a "motion to sanction defendants" for "defendants' violation of the settlement . . . ." (*Id.*).

6. On September 8, 2022, Mr. Cole filed a Rule 60 motion for relief from the Final Order asserting, among other things, that his appointed counsel had committed fraud by agreeing to the Settlement Agreement against his stated wishes and instructions. (D.I. 167). He also argued that Defendants breached the Settlement Agreement by "reneg[ing] upon all stated and implied promises and agreements such that the settlement agreement" was rendered "hollow and

meaningless," appearing to suggest that Defendants breached the Settlement Agreement by cancelling the Eid prayer and refusing to provide Muslim inmates with a Halal meat option for the Eid meal. (*Id.* at 2).

7. On April 6, 2023, Mr. Cole filed a motion to enforce the Settlement Agreement seeking to order Defendants to provide him with a Halal meal option for Eid that contained a Halal meat. (D.I. 172). In response, Defendants asserted that Mr. Cole's motion was premature for failing to comply with the exhaustion requirements set forth in Section 7.13 of the Settlement Agreement.[1] (D.I. 173). Counsel for Defendants took "no position on the truth or falsity of Mr. Cole's allegations regarding breach of the settlement agreement." (*Id.* at 2). In a responsive letter, Mr. Cole maintained that he notified the Warden in writing of his concerns and sent a copy of those communications to Defendants, and that he had done "all [he] could do to abide by the terms of the settlement . . . ." (D.I. 174 at 2). In that same letter, Mr. Cole referenced his September 8, 2022 motion, D.I. 167, "complaining that his court appointed counsel entered into this agreement without his authority." (*Id.*).

8. On August 23, 2023, the Court denied without prejudice Mr. Cole's Rule 60 motion and motion to enforce the Settlement Agreement. (D.I. 176).[2] The Court explained that Mr. Cole cannot "have it both ways" by maintaining that the Settlement Agreement is invalid and

---

[1] Section 7.13 provides, "Disputes arising under this Agreement shall be brought first in writing to the Warden of the JTVCC, copying counsel for DDOC and Defendants, who shall work in good faith to resolve the same. If not resolved by the Warden, the Parties, shall meet and confer to attempt to resolve the dispute, prior to seeking the assistance of the Court." (D.I. 173; D.I. 154-1, Ex. 1 at § 7.13).

[2] While these motions remained pending, Mr. Cole filed a Petition for a Writ of Mandamus before the Court of Appeals for the Third Circuit. (D.I. 175). The Third Circuit denied Mr. Cole's petition as moot. *In re Cole*, No. 23-2349, 2023 WL 6635071, at *1 (3d Cir. Oct. 12, 2023).

3

should be vacated, while simultaneously asserting that it should be enforced against Defendants in view of their alleged violations. (*Id.* ¶ 8). The Court informed Mr. Cole that he could "decide and inform the Court if he wishes to proceed and, if so, how he would like to proceed." (*Id.*).

9. On August 31, 2023, Mr. Cole filed a Motion to Set Aside Settlement Agreement, stating that he "wishes the court to set aside the Settlement Agreement and allow Plaintiff and Defendants to renegotiate a new Settlement Agreement." (D.I. 177). In that motion, Mr. Cole did not articulate the basis upon which the Settlement Agreement should be set aside. (*Id.*). But a fair reading of Mr. Cole's various submissions suggests that he contended that the Settlement Agreement was entered into without his consent.

10. On June 11, 2024, this Court ordered Defendants to "file their positions regarding Plaintiff's motion to set aside settlement agreement within thirty days of the date of this Order." (D.I. 180 at 1). Defendants did not respond to the Court's June 11 Order.

11. On July 15, 2024, the Court referred Mr. Cole's Motion to Set Aside Settlement Agreement to me. (D.I. 182). I issued an Order on July 26, 2024 directing Defendants to file a response to Mr. Cole's Motion to Set Aside Settlement Agreement within three days (D.I. 183), which Defendants did (D.I. 184). After reviewing Mr. Cole's submissions and Defendants' response, I issued a Report and Recommendation on July 31, 2024 recommending that Mr. Cole's Motion to Set Aside Settlement Agreement be denied. (D.I. 185).

12. Mr. Cole objected to my Report and Recommendation (D.I. 187). Defendants did not timely file any opposition to Mr. Cole's objections to the Report and Recommendation. The Court ordered them to file a response (D.I. 190), which they did (D.I. 191).

13. On August 12, 2024, while Mr. Cole's objections were pending before this Court, Mr. Cole filed the instant Motion to Reopen Case appearing to seek either or both a renegotiated

settlement agreement or enforcement of the existing agreement. (D.I. 186). Mr. Cole explained that he contacted the Warden with copy to the Delaware Department of Justice to attempt to resolve his grievances consistent with Section 7.13 of the Settlement Agreement. (D.I. 186-2, D.I. 186-3, D.I. 186-4, D.I. 186-5). Defendants did not respond.

14. Two days later, Mr. Cole filed the instant Motion for Reimbursement of Attorney Costs and Fees where he further alleges that Defendants negotiated the Settlement Agreement in bad faith and appears to seek reimbursement of his filing fees and costs. (D.I. 188). This motion appears to be a carbon copy of Mr. Cole's prior Motion for Costs & Attorney Fees filed on February 18, 2022. (D.I. 147). Nevertheless, Defendants again chose not to respond.

15. In a Memorandum Order issued on February 20, 2025, this Court overruled Mr. Cole's objections to my Report and Recommendation, adopted my recommendation, and denied Mr. Cole's Motion to Set Aside the Settlement Agreement. (D.I. 192). Among the reasons for overruling Mr. Cole's objections, the Court explained that Mr. Cole had ratified the settlement by assenting to its terms and seeking to enforce them. (*Id.* at 4-6)

16. But, the Court noted: "I am tempted to rule against Defendants as a sanction for their failure both to comply with the June 11 Order and to explain their noncompliance, but I understand why the Magistrate Judge decided to consider Defendants' untimely response in addressing the merits of Plaintiffs motion. It certainly was not erroneous for her to do that. And rather than sanction Defendants in the form of an adverse ruling on the motion, I will instead require the Delaware Department of Justice to show no later than March 18, 2025 good cause for why it failed to comply with the June 11 Order." (*Id.* at 3). Defendants accepted responsibility for missing two filing deadlines, faulting the "not intentional" oversight due to "an overworked and understaffed DDOJ." (D.I. 193). This Court determined that no further action was

5

warranted against Defendants respect to the Court's prior order to show cause. (*See* Oral Order, March 21, 2025).

17. On April 3, 2025, Mr. Cole filed the instant Motion to Reopen Case (D.I. 194). He asserts, among other things, that in March 2023, Defendants violated the Settlement Agreement by allegedly cancelling Jumu'ah and failing to provide a proper Eid meal. (*Id.* ¶ 12, 15). Defendants filed a response on April 8, 2025, but declined to address Mr. Cole's assertions with respect to Defendants' alleged breach. (D.I. 196).

18. On April 9, 2025, Mr. Cole filed the instant Motion to Amend Motion to Reopen Case apparently seeking to retitle one or more of his prior motions to reopen (D.I. 186, DI. 194) as a "Motion to Reinstate" based on "newly discovered evidence in *Sanchez v. Klemm*[, C.A. No. 22-3171, 2024 WL 3160362, at *1 (3d Cir. June 25, 2024)]." (D.I. 197). He also seeks appointment of counsel "in case Plaintiff and Defendants can not come to an agreement." (*Id.*) In response, Defendants note that *Sanchez* "addresses an inmate that sought to reinstate a lawsuit after prison officials violated a private settlement agreement entered into by the parties." (D.I. 198). But again, Defendants declined to address any of Mr. Cole's prior assertions with respect to Defendants' alleged breach. Instead, Defendants explained they were "confused" as to whether Mr. Cole was "still contending that the settlement agreement is invalid, or has he given up on that obviously false claim to now seek enforcement of the agreement? He cannot have it both ways." (*Id.*) Defendants declined to address Mr. Cole's request with respect to obtaining counsel.

19. On April 10, 2025, Mr. Cole filed the instant Motion to Reinstate Civil Proceedings (D.I. 199) that mostly duplicates his April 3 Motion to Reopen Case (D.I. 194). He followed up with a letter to this Court clarifying that his motions "are not motions arguing that

my attorney didn't have authority to sign the Settlement Agreement nor is it about enforcing the agreement. The motion(s) are about DOC's breach of the agreement." (D.I. 202). Defendants responded on April 16, 2025 reiterating their alleged confusion over whether Mr. Cole contested validity or enforcement, but again declined to address Mr. Cole's substantive allegations of breach. (D.I. 203).

20. In a letter dated April 15, 2025 and docketed April 17, 2025, Mr. Cole agreed that the "Settlement Agreement was legally signed by [his attorney]" and maintained that it was breached by Defendants. (D.I. 205). In an undated letter docketed on April 24, 2025, Mr. Cole reiterates this position: "I am not contending that [my attorney] did not have authority to sign the agreement nor am I trying to enforce the agreement. What my motion is saying is that prison officials violated the agreement, I have proof of multiple violations of the agreement and I am asking the Court to Reinstate the Civil Proceedings based on prison officials violations." (D.I. 206). Defendants never responded.

21. This Court has now referred the entire case to me, including the pending motions. (*See* Oral Order, dated April 22, 2025).

22. Construing Mr. Cole's *pro se* submissions liberally as I must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), I understand Mr. Cole's pending motions to seek relief on grounds that Defendants have breached the Settlement Agreement. Problematically, Defendants have never substantively responded to these allegations despite multiple opportunities to do so. Instead, Defendants most recently maintained their continued "confus[ion]" over whether Mr. Cole contests the Settlement Agreement's validity or enforceability, contending that such confusion is "sufficient to address Mr. Cole's Motion to Reinstate Civil Proceedings." (D.I. 203, "[I]s Mr. Cole still contending that the settlement agreement is invalid, or has he given up on that

7

obviously false claim to now seek enforcement of the agreement? Counsel asks that Mr. Cole be required to state his position definitively before the Court considers whether to reinstate civil proceedings in this case."). But even after Mr. Cole clarified that he has conceded the Settlement Agreement's "legal[ity]" (D.I. 205), Defendants still declined to respond. In view of Defendants' inadequate responses and their failure to comply with prior Court orders in this action, I am concerned that Defendants have taken neither Mr. Cole's allegations nor this action seriously.

23. This Court's Memorandum Order denying Mr. Cole's motion to set aside the Settlement Agreement has rendered its validity beyond dispute. (D.I. 192). What is in dispute, however, is whether Defendants have breached it. This Court has retained ancillary jurisdiction over the enforcement of the Settlement Agreement through August 11, 2027 (D.I. 164). Under Section 7.13, "[d]isputes arising under this Agreement shall be brought first in writing to the Warden of the JTVCC, copying counsel for DDOC and Defendants, who shall work in good faith to resolve the same. If not resolved by the Warden, the Parties, shall meet and confer to attempt to resolve the dispute, prior to seeking the assistance of the Court." (D.I. 173; D.I. 154-1, Ex. 1 at § 7.13). Mr. Cole avers that although he attempted to comply with Section 7.13, Defendants never responded to him.

24. Accordingly, I recommend granting-in-part Mr. Cole's Motion to Reinstate Civil Proceedings (D.I. 199) as follows:

    a. Within sixty (60) days of the date of this Report and Recommendation, the Parties to the Settlement Agreement, or their successors, and counsel for Defendants shall meet and confer in person and work in good faith to resolve Mr. Cole's disputes confined to "Obligations of Defendants/DDOC"

enumerated in Section 1 of the Settlement Agreement. (D.I. 199-1 at § 1).

Those obligations are:

- Provide a hot breakfast option during Ramadan to all offenders in its custody who have identified as Muslim per current policy.
- Allow the Eid prayer to be conducted in lieu of Jumu'ah when Eid falls on Jumu'ah, subject to approval of the Imam and any applicable time constraints.
- Provide one Halal meal option once a year for Eid, with such meal option to include a Halal meat.
- Allow Muslim inmates to choose the Kosher meal option.
- Include the following language into prison yard policy:

    "Inmates' religious activities in the yard will be treated on equal terms as non-religious activities. Correctional officers are authorized to stop, cease, or otherwise prevent inmates from religious activities in the yard for any of the same reasons they can stop, cease or otherwise prevent any other activities."

- Allow non-clergy to lead prayer, in accordance with current policy.
- Make the agreed upon adjustment(s) to the item(s) available at the Commissary per the agreement reached by the Parties during mediation.

b. Within thirty (30) days of such meet and confer, counsel for Defendants shall provide a status report to the Court detailing the time, place, duration, and outcome of the meet and confer, and whether any disputes remain for the Court to resolve. If disputes remain, Defendants are instructed to include in the status report a complete discussion of the way, manner, or means by which they complied with the enumerated requirements of Section 1 of the Settlement Agreement.

9

25. Having recommended granting Mr. Cole's Motion to Reinstate Civil Proceedings (D.I. 199) in part, I also recommend denying as moot Mr. Cole's duplicative Motion to Reopen Case (D.I. 186), Motion to Reopen Case (D.I. 194), and Motion to Amend Motion to Reopen Case (D.I. 197). I recommend denying without prejudice Mr. Cole's request to appoint counsel pending the outcome of the aforementioned meet and confer. (*See* D.I. 197) ("in case Plaintiff and Defendants can not come to an agreement.").

26. Finally, I recommend denying Mr. Cole's Motion for Reimbursement of Attorney Costs and Fees (D.I. 188) as duplicative of his prior Motion for Costs & Attorney Fees filed on February 18, 2022 (D.I. 147). Mr. Cole has already been awarded costs of $350.00. (D.I. 164).

27. This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court.

28. The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: June 27, 2025

                                                                                         Laura D. Hatcher
                                                                                         United States Magistrate Judge