IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-88-CFC-LDH |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington, this 15th day of July in 2025, having considered the Report and Recommendation by United States Magistrate Judge Laura D. Hatcher filed on June 27, 2025, and upon the expiration of the time allowed for objections pursuant to Rule 72 of the Federal Rules of Civil Procedure with no objections having been filed;

It is HEREBY ORDERED that Magistrate Hatcher's Report and Recommendation (D.I. 207) is ADOPTED IN FULL.

It is FURTHER ORDERED that Plaintiff's Motion to Reinstate Civil Proceedings (D.I. 199) is GRANTED IN PART as follows:

a. On or before September 14, 2025, the Parties to the Settlement Agreement, or their successors, and counsel for Defendants shall meet and confer in person and work in good faith to resolve Mr. Cole's

disputes confined to "Obligations of Defendants/DDOC" enumerated in Section 1 of the Settlement Agreement. (D.I. 199-1 at § 1). Those obligations are:

- Provide a hot breakfast option during Ramadan to all offenders in its custody who have identified as Muslim per current policy.
- Allow the Eid prayer to be conducted in lieu of Jumu'ah when Eid falls on Jumu'ah, subject to approval of the Imam and any applicable time constraints.
- Provide one Halal meal option once a year for Eid, with such meal option to include a Halal meat.
- Allow Muslim inmates to choose the Kosher meal option.
- Include the following language into prison yard policy:

    "Inmates' religious activities in the yard will be treated on equal terms as non-religious activities. Correctional officers are authorized to stop, cease, or otherwise prevent inmates from religious activities in the yard for any of the same reasons they can stop, cease or otherwise prevent any other activities."

- Allow non-clergy to lead prayer, in accordance with current policy.
- Make the agreed upon adjustment(s) to the item(s) available at the Commissary per the agreement reached by the Parties during mediation.

b. Within thirty (30) days of such meet and confer, counsel for Defendants shall provide a status report to the Court detailing the time, place, duration, and outcome of the meet and confer, and whether any disputes remain for the Court to resolve. If disputes remain, Defendants are instructed to include in the status report a complete discussion of the

2

way, manner, or means by which they complied with the enumerated requirements of Section 1 of the Settlement Agreement.

It is FURTHER ORDERED that Plaintiff's Motion to Reopen Case (D.I. 186), Motion to Reopen Case (D.I. 194), and Motion to Amend Motion to Reopen Case (D.I. 197) are DENIED AS MOOT. Plaintiff's request to appoint counsel is DENIED WITHOUT PREJUDICE pending the outcome of the aforementioned meet and confer. (*See* D.I. 197) ("in case Plaintiff and Defendants can not come to an agreement.").

It is FURTHER ORDERED that Plaintiff's Motion for Reimbursement of Attorney Costs and Fees (D.I. 188) is DENIED.

_____
Chief Judge